AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )       Case No. 1:17-SW-     (UNDER SEAL)
)
THE PREMISES LOCATED AT 370 HOLLAND LANE, UNIT )
3013, ALEXANDRIA, VA, 22314, MORE PARTICULARLY )
DESCRIBED IN ATTACHMENT A )

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____Virginia_____
*(identify the person or describe the property to be searched and give its location):*

See Attachment A.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):*

See Attachment B.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _____June 10, 2017_____
(not to exceed 14 days)

☑ in the daytime 6:00 a.m. to 10 p.m.     ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge Theresa Carroll Buchanan                              .
                        *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
                                      ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 5/27/2017  4:47 pm         _____
                                                                 *Judge's signature*

City and state:   Alexandria, VA                    Hon. Theresa Carroll Buchanan, U.S. Magistrate Judge
                                                                 *Printed name and title*

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: 1:17-SW-    (UNDER SEAl) | Date and time warrant executed: 5/27/2017  1720 | Copy of warrant and inventory left with: ▉▉▉ NOT PRESENT |
| Inventory made in the presence of : ▉▉▉ |||

Inventory of the property taken and name of any person(s) seized:

1) DOCUMENTS AND BINDERS
2) DOCUMENTS
3) DOCUMENTS
4) DOCUMENTS
5) DOCUMENTS
6) DOCUMENTS
7) DOCUMENTS
8) DOCUMENTS
9) DOCUMENTS

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 6/5/2017

_Executing officer's signature_

SPECIAL AGENT ▉▉▉
_Printed name and title_

## ATTACHMENT A

*Property to Be Searched*

The property to be searched is the storage unit located at 370 Holland Lane, Unit 3013, Alexandria, Virginia 22314, as well as any locked drawers, locked containers, safes, computers, electronic devices, and storage media (such as hard disks or other media that can store data), found therein. The storage unit is further described as a metal corrugated steel room with a red and white sign on the exterior with the number 3013.

1

## ATTACHMENT B

*Property to be seized*

1. Records relating to violations of 31 U.S.C. §§ 5314, 5322(a) (Failure to File a Report of Foreign Bank and Financial Accounts), 22 U.S.C. § 618 (Foreign Agent Registration Act), and 26 U.S.C. § 7206(a) (Filing a False Tax Return), including:

   a. Any and all financial records for Paul Manafort, Richard Gates or companies associated with Paul Manafort or Richard Gates, including but not limited to records relating to any foreign financial accounts;

   b. Any and all federal and state tax documentation, including but not limited to personal and business tax returns and all associated schedules for Paul Manafort, Richard Gates, or companies associated with Paul Manafort or Richard Gates;

   b. Letters, correspondence, emails, or other forms of communications with any foreign financial institution, or any individual acting as the signatory or controlling any foreign bank account;

   c. Any and all correspondence, communication, memorandum, or record of any kind relating to the Party of Regions, Viktor Yanukovych, the European Centre for a Modern Ukraine, or any other foreign principal of Paul Manafort or Richard Gates, or any company associated with Paul Manafort or Richard Gates;

   d. Any and all correspondence, memorandum, press release, or documentation of any kind regarding any lobbying or advocacy performed by Paul Manafort, Richard Gates, or any company associated with Paul Manafort or Richard Gates, on behalf of the Party of Regions, Viktor Yanukovych, the European Centre for a Modern

2

Ukraine, or any other foreign principal of Paul Manafort, Richard Gates, or any company associated with Paul Manafort or Richard Gates.

e. Records related to, discussing, or documenting Neocom Systems, Antes Management, Yiakora Ventures, Global Highway Ltd., Global Endeavor, Leviathan Advisors, Peranova Holdings, Bletilla Ventures, Lucicle Consultants, and/or Telmar Investments, including but not limited to bank records, canceled checks, money drafts, letters of credit, cashier's checks, safe deposit records, checkbooks, and check stubs, duplicates and copies of checks, deposit items, savings passbooks, wire transfer records, and similar bank and financial account records.

f. Records related to, discussing, or documenting ▮▮▮▮▮▮▮▮▮▮

g. Any and all daily planners, logs, calendars, schedule books relating to Paul Manafort or Richard Gates.

2. Computers or storage media used as a means to commit the Target Offenses.

3. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

   a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

3

b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web

pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.